UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILL HAM,

              Plaintiff,

      v.

K. ALLISON, et al.,

              Defendants.

Case No. 21-cv-00909-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.   INTRODUCTION

Plaintiff, who is currently housed at San Quentin State Prison ("SQSP") filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has paid the full filing fee.  Dkt. 7.

Venue is proper because most of the events giving rise to Plaintiff's claims are alleged to have occurred at SQSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

The Court now reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915.  For the reasons set forth below, the Court DISMISSES the complaint with leave to amend to correct certain deficiencies addressed below, and directs Plaintiff to provide sufficient information regarding the exhaustion of administrative remedies as to each claim.

## II.   DISCUSSION

### A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See*

1    *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121,

2    1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of

3    section 1983 if he does an affirmative act, participates in another's affirmative act or omits to

4    perform an act which he is legally required to do, that causes the deprivation of which the plaintiff

5    complains.  *Leer*, 844 F.2d at 633; *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).  To

6    state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the

7    interests that have been invaded.  *See Paul v. Davis*, 424 U.S. 693, 697 (1976).

8         Although a plaintiff is not required to plead "specific factual details not ascertainable in

9    advance of discovery," *Gibson v. United States*, 781 F.2d 1334, 1340 (9th Cir. 1986), he does not

10   state a claim under 42 U.S.C. § 1983 if the allegations in the complaint are mere conclusions,

11   *Kennedy v. H & M Landing, Inc.*, 529 F.2d 987, 989 (9th Cir. 1976); *Fisher v. Flynn*, 598 F.2d

12   663, 665 (1st Cir. 1979).  A complaint must contain sufficient allegations to put defendants fairly

13   on notice of the claims against them.  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  A

14   complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights

15   fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a).  *Hutchinson v.

16   United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

17        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

18   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

19   statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon

20   which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in

21   order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

22   obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

23   conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

24   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell

25   Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (citations omitted).  A complaint must

26   proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The United

27   States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal

28   conclusions can provide the framework of a complaint, they must be supported by factual

allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### B.   Legal Claims

#### 1.   Constitutional Violations Based on Confinement at SQSP Relating to COVID-19 Issues

As mentioned above, pursuant to Fed. R. Civ. P. 8(a)(2), Plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *see also Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8).  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Plaintiff's complaint in the instant action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint."  *Id.* at 1179-80.

Plaintiff names as Defendants California Department of Corrections and Rehabilitation ("CDCR") Director Kathleen Allison "and others," including these other seventeen named Defendants: CDCR Secretary Ralph Diaz; CDCR Associate Director Ron Davis; Federal Receiver Clark Kelso; Governor Gavin Newsom; CDCR Director of California Correctional Health Care Services ("CCHCS") Dr. Joseph Bick; and various prison officials at California Institute for Men ("CIM")[1] and SQSP.  Dkt. 1 at 5-8.

Plaintiff makes numerous allegations against the eighteen named Defendants regarding SQSP's handling of the COVID-19 pandemic in 2020 and certain other prison conditions.[2]  *See*

---

[1] Plaintiff incorrectly refers to CIM as Chino State Prison or "CSP."  Dkt. 1 at 11.

[2] Plaintiff's complaint is virtually identical to many other complaints received by the Court.  *See, e.g., Amos v. Allison*, Case No. 20-cv-8152 HSG (PR); *Robeldo v. Allison*, Case No. 20-9134-WHO (PR); *Hall v. Allison*, Case No. 21-cv-0103-RMI (PR); *Quale v. Allison*, Case No.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *generally* Dkt. 1.  Plaintiff states that in March 2020, the CDCR refused free COVID-19 tests for

2    its staff and inmate population.  *Id.* at 9.  A fellow inmate, Kenneth A. Cooper, wrote to

3    Defendants Broomfield (SQSP Warden) and Pachynski (SQSP Chief Medical Officer) and asked

4    why masks were not being worn at SQSP.  *Id.*  Plaintiff states that inmate Cooper also asked

5    Defendants Arnold (SQSP Captain), Teixeira and Haub (SQSP Lieutenants) and Dutton (SQSP

6    Sergeant) why there was little social distancing when inmates gathered for medication to be

7    dispensed, showers, and meal times.  *Id.* at 9-10.  Plaintiff states that several large fans were

8    brought in to increase ventilation, but he "questioned custody personnel" whether these fans could

9    have caused further spread of the virus.  *Id.* at 10.  Plaintiff states that other prisoners like inmate

10   Cooper raised these issues; however, Plaintiff does not discuss the actions that individual

11   defendants took or how the actions were deliberately indifferent.  *See id.* at 9-11.  While Plaintiff

12   has presented serious allegations, he must provide more information regarding the culpability of

13   the named Defendants.  Bare allegations—that a certain Defendant had been asked about any of

14   the aforementioned COVID-19 issues without including any additional information—are

15   insufficient.

16          Plaintiff describes how on May 30, 2020, 121 inmates from CIM were transferred to

17   SQSP, without proper COVID-19 testing and an outbreak occurred at SQSP.  *Id.* at 11.  Plaintiff

18   states he began to suffer serious COVID-19 symptoms on June 29, 2020.  *Id.* at 12.  While these

19   allegations are sufficient to state a claim, Plaintiff must provide more information how each of the

20   eighteen Defendants he names as responsible were involved.  Vague and conclusory allegations

21   concerning the involvement of supervisory personnel in civil rights violations are not sufficient to

22   state a claim.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  For example,

23   Plaintiff states that "[u]ndoubtedly" Defendant Bick (Director of CDCR's CCHCS) "obviously

24   failed to develop and properly implement adequate training and transfer protocols that protect the

25   prison population."  *Id.* at 11.  Plaintiff adds that "[s]urely" Defendant Davis (CDCR's Associate

26   Director of Reception Centers) as well as Defendants Kelso, Allison, Newsom, and Diaz (CDCR

27

28   ────────────────────

     21-cv-0708-RMI (PR); and *Rubio v. Allison*, Case No. 21-cv-0921 YGR (PR).

United States District Court
Northern District of California

1   Secretary), SQSP Defendants Pachynski and Broomfield, and CIM Defendants Escobell and

2   Borders, were aware of the transfer of CIM inmates to SQSP and "failed to take prudent action"

3   and that Defendant Kelso "should have been right on top of this." *Id.* at 11-12.  Plaintiff must

4   present more information as to how each named Defendant, including the supervisory defendants,

5   was directly involved in the constitutional deprivation and how the action (or inaction) constituted

6   deliberate indifference.  He must present additional allegations to state a plausible claim for relief

7   for each Defendant.  There is no respondeat superior liability under section 1983.  *Taylor v. List*,

8   880 F.2d 1040, 1045 (9th Cir. 1989).  Said differently, it is not enough that the supervisor merely

9   has a supervisory relationship over the defendants; the plaintiff must show that the supervisor

10  "participated in or directed the violations, or knew of the violations and failed to act to prevent

11  them."  *Id.*  Furthermore, supervisor defendants are entitled to qualified immunity where the

12  allegations against them are simply "bald" or "conclusory" because such allegations do not

13  "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional

14  wrong.  *Iqbal*, 556 U.S. at 679.

15              **2.  Federal Pleading Standards Under Rule 18(a) and Rule 20**

16              A plaintiff may properly join as many claims as he has against an opposing party.  Fed. R.

17  Civ. P. 18(a).  Nevertheless, while multiple claims against a single party may be alleged in a single

18  complaint, unrelated claims against different defendants must be alleged in separate complaints.

19  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner

20  improperly brought complaint raising fifty distinct claims against twenty-four defendants).

21  Further, parties may be joined as defendants only if "there is asserted against them jointly,

22  severally, or in the alternative, any right to relief in respect of or arising out of the same

23  transaction, occurrence, or series of transactions or occurrences and if any question of law or fact

24  common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  As a practical matter,

25  this means that claims involving different parties cannot be joined together in one complaint if the

26  facts giving rise to the claims were not factually related in some way—that is, if there was not

27  "similarity in the factual background."  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

28  General allegations are not sufficient to constitute similarity when the specifics are different.  *Id.*

United States District Court
Northern District of California

1  The Court, on its own initiative, may dismiss misjoined parties from an action, and any claim
2  against a misjoined party may be severed and proceeded with separately.  Fed. R. Civ. P. 21.

3       Here, the Court has determined above that Plaintiff's complaint contains insufficient
4  information with respect to the claims above relating to the COVID-19 issues.  At this time, the
5  Court is also unable to determine whether Plaintiff's aforementioned claims are related to the other
6  claims in his complaint.  For example, Plaintiff also states that from March 17, 2020, to November
7  1, 2020, medical and dental care stopped at SQSP.  Dkt. 1 at 13.  However, Plaintiff fails to
8  describe what medical or dental care he required that could not be addressed and how the denial of
9  such care violated the Eighth Amendment.  Plaintiff also claims there was no independent hot-
10 water hose bib provided to clean the shower area, despite numerous requests.  *Id.* at 10.  In
11 addition, Plaintiff claims that Defendant Boise (SQSP Lieutenant) removed all toilets from the
12 yard for a "roughly one-year" period that ended on August 1, 2020, requiring inmates to defecate
13 in trash cans or urinate in the gutter, when not in their cells.  *Id.* at 10-11.  Plaintiff further alleges
14 how he has been denied outdoor exercise for many months.  *Id.* at 12.  If Plaintiff wishes to pursue
15 these claims in this case, he must provide more information and describe how they relate to his
16 other COVID-19 claims and why they do not belong in a separate action.

17      In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same
18 transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or
19 fact common to all defendants named therein.  Plaintiff **must choose** what claims he wants to
20 pursue that meet the joinder requirements; if he asserts improperly joined claims in his amended
21 complaint, they will be dismissed.

22      In sum, the Court will allow Plaintiff leave to prepare a proper amended complaint that is
23 consistent with federal pleading standards.  As explained above, Plaintiff must correct the
24 deficiencies outlined as to each of his claims above.  Plaintiff is also advised that for each claim,
25 he must, to the best of his ability, specifically identify each Defendant, and specify what
26 constitutional right he believes each Defendant has violated.  Importantly, Plaintiff must allege
27 facts regarding the conduct of each Defendant that he asserts gives rise to that Defendant's
28 liability.  A person deprives another of a constitutional right within the meaning of 42 U.S.C.

6

1  §1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an

2  act which he is legally required to do, that causes the deprivation of which the plaintiff complains.

3  *Leer*, 844 F.2d at 633.  There can be no liability under section 1983 unless there is some

4  affirmative link or connection between a defendant's actions and the claimed deprivation.  *Rizzo v.*

5  *Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

6  **3.  Exhaustion of Administrative Remedies**

7  A question which must be answered before Plaintiff can proceed with his claims is whether

8  he has exhausted available administrative remedies with respect to each claim.

9  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996)

10  ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect

11  to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in

12  any jail, prison, or other correctional facility until such administrative remedies as are available are

13  exhausted." 42 U.S.C. § 1997e(a).  Under this section, an action must be dismissed unless the

14  prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner

15  fully exhausts while the suit is pending.  *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.

16  2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life,

17  whether they involve general circumstances or particular episodes, and whether they allege

18  excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Exhaustion of

19  all "available" remedies is mandatory; those remedies need not meet federal standards, nor must

20  they be "plain, speedy and effective."  *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5

21  (2001).  Even when the prisoner seeks relief not available in grievance proceedings, notably

22  money damages, exhaustion is a prerequisite to suit.  *Id.* at 741.  The purposes of the exhaustion

23  requirement include allowing the prison to take responsive action, filtering out frivolous cases and

24  creating an administrative record.  *See Porter*, 534 U.S. at 525.

25  A prisoner's failure to exhaust is a valid ground for dismissal, so long as no exception to

26  exhaustion applies.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810

27  (2003).  Accordingly, a claim may be dismissed without prejudice if the record shows that the

28  prisoner has conceded that he did not exhaust administrative remedies.  *Id.*

Here, some of the claims raised in Plaintiff's complaint do not appear to have been exhausted through the administrative grievance procedure at SQSP. Plaintiff simply claims that he "lodged a (602) administrative grievance form correlative with the COVID-19 debacle," and "log # SQ HC 20001010" was "Denied on 12/7/20." Dkt. 1 at 5. Plaintiff does not specifically address exhaustion of the grievance procedure at SQSP as to each claim, and instead he claims, in a conclusory fashion that his grievance addressed the "COVID-19 debacle." *Id.* Therefore, the Court is unable to determine if Plaintiff satisfied the administrative remedies exhaustion requirement on *each* of the claims he alleges, prior to filing his suit.

Accordingly, because some of Plaintiff's claims may not be exhausted, his complaint is DISMISSED with leave to amend in order to prove that he exhausted *all* of his claims against each Defendant before he filed this action. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

## III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** amended complaint which:

    a.   States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

        i.   Set forth **each claim** in a separate numbered paragraph;

        ii.   Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

        iii.   Identify the injury resulting **from each claim**;

    b.   Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

    c.   Only alleges those claims that are properly joined under Rule 20(a)

(concerning joinder of claims and Defendants) or, stated differently, the amended complaint may only allege claims that:

    i.      Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

    ii.      Present questions of law or fact common to **all Defendants**;

    d.      **Does not** make conclusory allegations linking each Defendant by listing them as having direct involvement to his claims without specifying how each Defendant was linked through their actions; and

    e.      **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability.

2.      Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his amended complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. 21-cv-0909-YGR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his amended complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new

address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

     4.    The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

     IT IS SO ORDERED.

Dated: July 23, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge