1
2
3
4
5                           UNITED STATES DISTRICT COURT

6                         NORTHERN DISTRICT OF CALIFORNIA

7

8    BILL HAM,                                Case No.  21-cv-00909-YGR (PR)

              Plaintiff,
9
                                             **ORDER OF DISMISSAL WITHOUT**
      v.                                     **PREJUDICE**
10
11   K. ALLISON, et al.,

              Defendants.
12
13          On July 23, 2021, the Court issued an Order of Dismissal with Leave to Amend.

14   Specifically, the Court granted Plaintiff twenty-eight days from the date of the Order to file an

15   amended complaint to allege facts sufficient to state a cognizable constitutional claim.  Plaintiff

16   was warned that the failure to timely file an amended complaint would result in the dismissal of

17   this action for failure to prosecute.  The time for Plaintiff to file his amended complaint has

18   passed, and no amended complaint has been filed.  Taking into account the salient factors set forth

19   in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court finds that dismissal is

20   warranted under Federal Rule of Civil Procedure 41(b).[1] *See Yourish v. Cal. Amplifier*, 191 F.3d

21   983, 989, 992 (9th Cir. 1999) (affirming dismissal of action following plaintiff's failure to amend

22   complaint after receiving leave to do so, where the interest in expeditious resolution of litigation,

23   the court's management of its docket, and avoiding prejudice to defendants favored dismissal).

24   ───────────────────

25          [1]  If and when Plaintiff is prepared to pursue his claims, he may file a new civil rights
     action.  The limitations period to file a section 1983 action in California is two years, but it is
26   tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F.
     3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the
27   limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending
     Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations
28   period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional
     two years of tolling during a period of continual imprisonment).

1    Accordingly, IT IS HEREBY ORDERED that the complaint in the above-captioned action

2  is DISMISSED.  The Clerk of the Court shall close the file.

3    IT IS SO ORDERED.

4  Dated:  September 20, 2021

5

6  JUDGE YVONNE GONZALEZ ROGERS
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California